## OXFORD PAPER CO. v. UNITED STATES.
### No. J–446.

Court of Claims.
March 21, 1932.

Lyle T. Alverson, of New York City (Johnson & Shores, of New York City, on the brief), for plaintiff.

Thomas H. Lewis and L. A. Smith, both of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff has moved the court for judgment on findings of fact previously made by the court and in accordance with the opinion rendered. The defendant resists the motion for judgment and moves the court to make certain changes in the findings and to make additional findings. Both motions have been argued and submitted.

■■ The failure to properly introduce much of the documentary evidence relied upon by both parties would make it difficult if not impossible to sustain either motion if it were not for the agreements and concessions made in open court by the counsel for the respective parties. The rules pertaining to the introduction of evidence are the same in the Court of Claims as in other nisi prius courts in the United States. The mere filing of a document or instrument with the clerk is neither offering nor introducing it in evidence; and the practice of dumping upon the court a large number of documents or instruments in which very little is even claimed to be material or competent, without making any statement as to the part thereof which it is claimed should be received in evidence, is disapproved, and marking a collection of different instruments as an exhibit to be used in this manner merely leads to the confusion which exists in the case now before the court.

The motion of the defendant will first be considered.

■■ It is strenuously insisted on behalf of the defendant that the court erred in its finding that at the time the plaintiff exchanged first-mortgage bonds of the Nashwaak Company for preferred stock in the same company the stock was worth only $60 a share. On this matter the court adheres to the view expressed in the original opinion that evidence of the value of preferred stock of other companies engaged in the same business is competent and material as part of the evidence to be considered in determining the value of the stock involved herein. It is, of course, impossible to find any two companies that are in all respects similarly situated, but this does not prevent the court from making allowances for the difference, and when the market values of the other stocks are shown, together with a full statement of their condition in respect to matters which are accepted as showing the value by persons skilled in and accustomed to valuing such stocks, the value so shown becomes relevant. Where other evidence bearing upon the question of value is offered, it should be considered; but the weight of the testimony is to be determined by the court, when the court sits as a trier of facts. We have carefully gone over again all of the competent and material evidence presented in the case, and upon reconsideration the court is now of the opinion that the fair value of this preferred stock at the time it was received in exchange for the first mortgage bonds was $70 a share, and the finding of the court on that point will be amended accordingly. Upon this basis the loss sustained by the plaintiff is the difference between the value of the stock and the cost of the bonds, viz. $176,071.50, which will be used in computing the amount of refund to which the plaintiff is entitled, instead of the amount of the loss as stated in the original opinion.

The defendant also moves the court to make additional findings as stated in its proposed findings Nos. 19, 20, and 21, in the brief and argument on behalf of the defendant. No reason is given for finding No. 20, and we have failed to discover any; but there is no dispute between the parties as to the facts contained in Nos. 19 and 21, and an additional finding will be made which embodies these facts, together with some others which in the peculiar state of the record would seem to be necessary in order that a computation may be made of the tax after due allowance is made for the loss on the exchange of the bonds for stock. The parties have agreed in open court that Exhibit A on pages 89 and 90 of the record is a correct computation of the tax when made on the basis of the original finding of the court as to the value of the preferred stock. Upon this exhibit we have made a finding of the matters necessary for a computation of the tax under the present holding of the court and find the total tax liability as corrected to be $349,894.72. All through the proceedings in the case the plaintiff has accepted the computation of the commissioner with reference to the amount of tax due as correct with the exception of such a change as would be made necessary by an allowance of the proper sum as a loss on the exchange of the bonds for stock, and plaintiff's motion for judgment is

based upon this assumption, to which defendant orally agreed. Plaintiff's contention is in effect that the amount of refund to which it is entitled is the difference between the tax as computed by the commissioner and the amount now found to have been due after proper allowance for the loss on the exchange of bonds for stock. It may be that if some of the figures stated in the stipulation of facts entered into by the parties were used, the amount of the refund would be found to be a slightly different sum, but we have followed the method of computation agreed by both parties to be correct. The amount determined by the commissioner as the correct tax was $447,336.36. This exceeded the amount which we now find to be the correct tax liability by $97,441.64, which is the amount of refund that plaintiff is entitled to recover with interest as provided by law. Judgment will be rendered accordingly.